UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ENRIQUE OTERO-MERCED, LYDIA D. PUENTE-COLÓN, and their conjugal partnership,

Plaintiffs,

v.

PREFERRED HEALTH INC., DAVID MUÑOZ-HERNÁNDEZ, GWENDOLYN MUÑOZ-FIRPI, and their insurance underwriter,

Defendants.

Civil No. 09-1144 (JAF)

**OPINION AND ORDER**

Plaintiffs, Enrique Otero-Merced, Lydia D. Puente-Colón, and their conjugal partnership, bring this action against Defendants, Preferred Health Inc. ("PHI"); PHI Chief Executive Officer David Muñoz-Hernández; PHI President Gwendolyn Muñoz-Firpi; and an unnamed insurance underwriter. (Docket No. 24.) Plaintiffs allege discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213; 1 L.P.R.A. §§ 501-511b (2008) ("Law 44"); and 29 L.P.R.A §§ 146, 194 (2009) (respectively, "Law 100" and "Law 115"). (Id.) Plaintiffs also claim tort liability under 31 L.P.R.A. §§ 5141, 5142 (2009) (respectively, "Article 1802" and "Article 1803"). (Id.)

Muñoz-Hernández and Muñoz-Firpi ("Movants") jointly file three separate motions for our consideration: For dismissal given failure to state a claim, Fed. R. Civ. P. 12(b)(6) (Docket

Civil No. 09-1144 (JAF)                                                                                          -2-

No. 14); for dismissal given lack of subject-matter jurisdiction, Fed. R. Civ. P. 12(b)(1) (Docket No. 18);[1] and for abstention as to the Puerto Rico law claims against them (Docket No. 35). Plaintiffs oppose the first two motions (Docket Nos. 23; 30), but not the last.

## I.

### Factual and Procedural History

We derive the following facts from Plaintiff's amended complaint. (Docket No. 24 at 3-6.) On September 15, 2003, Otero-Merced began working at PHI as supervisor for the claims department; the following year he was promoted. From January 2006 through June 2008, however, Otero-Merced experienced, inter alia, harassment, demotions, a suspension, and ultimately discharge. Plaintiffs allege that the described treatment was the result of discrimination based on Otero-Merced's age and disability and that the discharge was retaliation for his having filed a charge against PHI before the U.S. Equal Employment Opportunity Commission.

On February 17, 2009, Plaintiffs filed a complaint in this court (Docket No. 4); they amended same on June 10, 2009 (Docket No. 24). Movants moved to dismiss on May 11 and June 1, 2009, first for failure to state a claim and later for lack of subject-matter jurisdiction. (Docket Nos. 14; 18.) On November 25, 2009, Movants also moved for our abstention from exercising supplemental jurisdiction over the Puerto Rico law claims against them. (Docket No. 35.) Plaintiffs respond to Movants' first motion to dismiss (Docket No. 23), and Movants

---

[1] Because this motion does not actually raise a jurisdictional question, see infra note 2, we analyze the grounds raised therein under a Rule 12(b)(6) standard.

Civil No. 09-1144 (JAF)                                                                                                        -3-

reply (Docket No. 26). Plaintiffs likewise respond to Movants' second motion to dismiss (Docket No. 30), but not to Movants' motion for abstention.

## II.

### Standard Under Rule 12(b)(6)

A defendant may move to dismiss an action, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing such a motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993). Nevertheless, mere legal conclusions "are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

The complaint must demonstrate "a plausible entitlement to relief" by alleging facts that directly or inferentially support each material element of some legal claim. Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted).

## III.

### Analysis

Plaintiffs allege discrimination in violation of both federal and Puerto Rico law. Movants contend that Plaintiffs fail to state a claim under either and, in addition, urge this court

Civil No. 09-1144 (JAF)                                                                                           -4-

to abstain from deciding the Puerto Rico claims.  We consider first the federal and then the Puerto Rico claims.

    **A.**    <u>**Claims Arising Under Federal Law**</u>

Movants move for dismissal of Plaintiffs' federal-law claims on two grounds:  (1) the ADEA and ADA do not contemplate individual liability for employment discrimination (Docket No. 14 at 6); and (2) Plaintiffs failed to exhaust their administrative remedies as to the ADEA and ADA claims against Movants (Docket No. 18).[2]  Plaintiffs concede both arguments. (Docket Nos. 23 at 2; 30 at 2.)  We find that First Circuit precedent supports, albeit indirectly, Movants' argument as to individual liability under the ADEA and ADA, and we, thus, accept Plaintiffs' concession that Movants are not liable under these statutes.  See <u>Correa-Ruiz v. Calderón-Serra</u>, 411 F. Supp. 2d 41, 47 (D.P.R. 2005) (dismissing claim when plaintiff conceded that there is no individual liability under the ADEA), <u>aff'd sub nom.</u>, <u>Correa-Ruiz v. Fortuño</u>, 573 F.3d 1, 7-8 (1st Cir. 2009); <u>Sifre v. Dep't of Health</u>, 38 F. Supp. 2d 91, 105-06 (D.P.R. 1999) (finding no individual liability under the ADA given lack of persuasive argument for same), <u>aff'd</u>, 214 F.3d 23 (1st Cir. 2000).  Finding here no federal claim, we do not consider whether the illusory claim was exhausted.

---

[2] Movants fashion the second ground as a challenge to this court's subject-matter jurisdiction. (Docket No. 18.)  But failure to exhaust administrative remedies, while dispositive, does not affect this court's jurisdiction.  See <u>Siaca v. Autoridad de Acueductos y Alcantarillados de P.R.</u>, 160 F. Supp. 2d 188, 194-95 (D.P.R. 2001) (citing <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 393 (1982)).

Civil No. 09-1144 (JAF) -5-

**B.     Claims Arising Under Puerto Rico Law**

Movants move to dismiss Plaintiffs' Puerto Rico claims under two separate theories: (1) Plaintiffs fail to state a claim upon which relief can be granted (Docket No. 14 at 7-20); and (2) this court should abstain due to an alleged lack of federal-law claims (Docket No. 35 at 1-2, 6). As we find their abstention argument premature, we address it only briefly before moving on to the substantive arguments.

**1.     Abstention**

Movants argue that abstention is proper in this case because, by operation of law, there remains no claim over which we have original jurisdiction. (Docket No. 35.) They demonstrate that PHI, the only other defendant against which Plaintiffs assert direct claims,[3] has been declared insolvent and appointed a liquidator under a Puerto Rico statute. (Id. at 1-2.) They then cite a Puerto Rico jurisdiction-stripping statute that precludes suits against any entity to whom such a liquidator has been appointed. (Id. at 2.) Relying on same, Movants surmise that this court has no jurisdiction over claims against PHI and that, therefore, the only claims remaining before this court are the Puerto Rico claims against Movants. (Id.) Invoking abstention principles, Movants urge this court to dismiss said claims to allow their resolution in Puerto Rico courts. (Id. at 3-9.)

---

[3] Claims against the insurance underwriter are contingent upon the direct claims against PHI and its officers. (See Docket No. 24 at 2.)

We find Movants' argument premature. Neither PHI nor Plaintiffs have broached the topic of PHI's dismissal from this case,[4] and Movants have no standing to do so.

### 2. Failure to State a Claim Under Puerto Rico Law

Plaintiffs allege violations of Laws 44, 100, and 115, Puerto Rico statutes proscribing, respectively, discrimination on the basis of disability, employment discrimination as a general matter, and retaliation for certain protected conduct. (Docket No. 24.) Plaintiffs also allege that Defendants are liable in tort, both directly under Article 1802 and vicariously under Article 1803. (Id.) Movants attack these claims as follows: (1) Laws 44, 100, and 115, like federal antidiscrimination laws, do not contemplate individual liability for employment discrimination (Docket No. 14 at 7-16); (2) Plaintiffs fail to allege facts that would give rise to Movants' liability under Law 100 (Docket No. 14 at 14); and (3) for reasons described below, Plaintiffs cannot sustain a claim under Articles 1802 and 1803 (Docket No. 14 at 16-20). Because we find that argument (1) raises complex and unsettled issues of Puerto Rico law and, therefore, decline supplemental jurisdiction over Plaintiffs' Puerto Rico antidiscrimination claims against Movants, we need not address argument (2) and need only briefly address argument (3).

### a. Individual Liability Under Laws 44, 100, and 115

The question of whether Puerto Rico antidiscrimination statutes contemplate individual liability remains, for the most part, unsettled by the Puerto Rico Supreme Court. In Rosario

---

[4] Presumably, this court will never see such a filing; one would argue in vain that the cited Puerto Rico statute, or any state statute, strips this court of original jurisdiction over a claim arising under federal law. See, e.g., MRCo, Inc. v. Juarbe-Jimenez, 521 F.3d 88, 95-96 (1st Cir. 2008) (rejecting this argument).

Toledo v. Distribuidora Kikuet, Inc., however, the Puerto Rico Supreme Court explicitly held that an individual may be sued in his individual capacity under Law 100. 151 P.R. Dec. 634 (2000) (considering allegations of sexual harassment), reconsid. denied, 153 P.R. Dec. 125 (2000). In so finding, the court interpreted the statutory text, in particular the definition of "employer," which varies among the several Puerto Rico antidiscrimination statutes. Id. The court found the definition of "employer" in Law 100 amenable to allowing individual liability; moreover, it found, individual liability furthers the public policy of eradicating discriminatory behavior by all means statutorily allowed. Id. This clear ruling has been recognized by the Puerto Rico Court of Appeals and this court alike. See, e.g., Torres-Santiago v. Alcaraz-Emmanuelli, 553 F. Supp. 2d 75, 86 (D.P.R. 2008); Vargas-Santiago v. Alvarez-Moore, No. DPE-2004-0541, 2006 WL 3694659, at *5 (P.R. Cir. Nov. 29, 2006).[5]

Nevertheless, the Puerto Rico Supreme Court has yet to rule on the question of individual liability under Law 44. Law 44, amended in response to the 1991 ADA amendments, is meant to be the Puerto Rico counterpart to the ADA and to mirror the ADA's provisions for relief. See Ríos-Jaimán v. Cidra Mfg. Operations of P.R., Inc., 145 P.R. Dec. 746, 749 (1998). The

---

[5] Movants seek to cabin the Kikuet decision to only sexual harassment claims (Docket No. 14 at 11-16), but Kikuet does not support such a limited reading. See Kikuet, 151 D.P.R. at 644 (finding a liberal interpretation of the statutes designed to protect workers from sexual harassment and discriminatory acts "imperative" and deciding that the defendant in that case could be sued in his personal capacity under Law 100). Had the court wanted to so cabin Kikuet, it could have done so expressly. Movants make much of a line in the decision denying reconsideration of Kikuet, Rosario Toledo v. Distribuidora Kikuet, Inc. (Kikuet II), 153 P.R. Dec. 125 (2000), in a section of the court's opinion discussing this court's finding that there exists no individual liability under Law 100. (Docket No. 14 at 13.) The line Movants quote was merely a description of this court's determination, as evidenced by the fact that the citation following that line is to federal, rather than Puerto Rico, cases. See Kikuet II, 153 P.R. Dec. at 129 & n.11.

Puerto Rico Supreme Court has been silent on whether such mirroring precludes individual liability under Law 44. In 2006, however, the Puerto Rico Court of Appeals discussed, without overturning, a lower court's dismissal of a Law 44 claim due to unavailability of individual liability under Law 44. See Sánchez-Barreto v. Swiss Just de P.R., Inc., No. IPE2002-0263(205), 2003 WL 23336311, at *1 (P.R. Cir. Nov. 6, 2003); see also Velez-Nieves v. Microsoft Caribbean, Inc., Nos. 05-1067, 05-1098, 2006 WL 1805689, at *6-10 (D.P.R. March. 15, 2006) (Vélez-Rivé, Mag. J.) (finding that, despite Kikuet, which supports the liberal construction of Puerto Rico discrimination statutes to favor employees, no individual liability lies under Law 44).

As to Law 115, the question of individual liability likewise goes unanswered by the Puerto Rico Supreme Court, and this court has reached conflicting results. Compare Rivera-Maldonado v. Hosp. Alejandro Otero Lopez, 614 F. Supp. 2d 181, 197 (D.P.R. 2009) (finding no individual liability under Law 115, relying on findings by the Puerto Rico Court of Appeals), with Hernández v. Raytheon Serv. Co. P.R., No. 05-1937CCC, 2006 WL 1737167, at *2 (D.P.R. Apr. 27, 2006) (concluding the opposite, relying on Kikuet's liberal construction in favor of employees in discrimination cases). In 2003 and in 2006, the Puerto Rico Court of Appeals issued cogent, instructive decisions wherein it discussed the implications of Kikuet, comparing the language and purpose of Law 100 with that of Law 115. See Vargas-Santiago v. Álvarez-Moore, No. DPE2004-0541, 2006 WL 3694659 (P.R. Cir. Nov. 29, 2006), cited with approval in Rivera-Maldonado, 614 F. Supp. 2d at 197; Sánchez-Barreto, 2003 WL 23336311.

The court, in both, determined that no individual liability exists under Law 115. See Vargas-Santiago, 2006 WL 3694659 at *5; Sánchez-Barreto, 2003 WL 23336311, at *4.

Given the above, we find that the question of whether individual liability exists under Puerto Rico antidiscrimination statutes is, as a general matter, a complex and unsettled issue of Puerto Rico law. When combined with our dismissal of Plaintiffs' federal claims against Movants, see supra Part III.A, the centrality of the unsettled question compels us to decline supplemental jurisdiction over Plaintiffs' Puerto Rico antidiscrimination claims. See 28 U.S.C. § 1367(c).

**b.     Relief Under Articles 1802 and 1803**

Movants argue that (1) an employee suing an employer for discrimination must do so under the specific statute enacted for that purpose and may not seek relief under Article 1802, the Puerto Rico general tort statute (Docket No. 14 at 16-19); and (2) to the extent that Puente-Colón and the conjugal partnership, as relatives of Otero-Merced, have a claim under Article 1802, said claim is contingent upon the success of Otero-Merced's discrimination claims (id. at 19-20). Plaintiffs do not dispute the first argument, but rather respond that they seek relief under Articles 1802 and 1803 only for Puente-Colón and the conjugal partnership. (Docket No. 23 at 4-5.) As Plaintiffs' response renders Movants' first argument moot, we need not address it. Movants' second argument, however, prevails and precludes Plaintiffs' claims under Articles 1802 and 1803. See Maldonado v. Banco Central Corp., 138 P.R. Dec. 268, 269-70 (1995) (finding an employee's relative's Article 1802 claim contingent upon the viability of the

Civil No. 09-1144 (JAF)                                                                                                           -10-

employee's discrimination claim), <u>construed in</u> <u>Berrios v. Bristol Myers Squibb P.R., Inc.</u>, 51 F. Supp. 2d 61, 65-66 (D.P.R. 1999).

### IV.

### Conclusion

For the reasons stated herein, we hereby **GRANT** Movants' motion to dismiss for failure to state a claim (Docket No. 14); **DENY AS MOOT** Movants' motion to dismiss for lack of subject-matter jurisdiction (Docket No. 18); and **DENY AS PREMATURE** Movants' motion for abstention (Docket No. 35). We **DISMISS** Plaintiffs' claims against Movants, without prejudice to litigation in Puerto Rico courts.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 26th day of January, 2010.

                                                                                                                            s/ José Antonio Fusté
                                                                                                                            JOSE ANTONIO FUSTE
                                                                                                                            Chief U.S. District Judge